UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | Chapter 13 |
|     FRANKLYN D. NURSE, | : | |
| | : | |
|     Debtor. | : | Bky. No. 08-13244ELF |

# O R D E R

**AND NOW**, Debtor Franklyn D. Nurse ("the Debtor") having filed this chapter 13 bankruptcy case on May 19, 2008;

**AND**, Capital One Auto Finance ("CODB") having filed a proof of claim (Claim No. 8) on September 11, 2008, asserting an unsecured claim of $11,019.09;

**AND**, the Debtor having filed an Objection to Claim No. 8 ("the Objection") on January 5, 2009 (Docket Entry No. 36), alleging that CODB's claim was unenforceable under applicable state law, see 11 U.S.C. §502(b)(1);

**AND**, the court having held hearings on the Objection on February 10, 2009 and March 14, 2009;

**AND**, at both hearings, the Debtor having appeared and CODB having failed to appear to contest the Objection;

\* \* \* \*

**AND**, CODB's claim based on amounts allegedly due on a motor vehicle instalment sales contract ("the Contract") between the Debtor and CODB's assignor;

-1-

**AND**, there being no dispute that following the Debtor's default under the Contract, the automobile (which served as security for repayment of the debt) was repossessed;

**AND**, the court determining that Claim No. 8 is governed by Massachusetts law;[1]

**AND**, Mass. Gen. Laws Ann. Ch. 255B §20 (2009) (hereafter "MGLA") being the Act governing the repossession of automobiles subject to a simple interest installment sales contract;

**AND**, the Debtor asserting that the claim should be disallowed on the specific ground that the deficiency claim arising after the repossession and resale of the subject vehicle is barred because the repossession and resale were conducted in violation of applicable state law;[2]

*    *    *    *

**AND**, the court concluding that the claim is prima facie valid pursuant to Fed. R. Bankr. P. 3001(f);

**AND**, the court concluding that the Debtor satisfied his burden of producing evidence to overcome the prima facie validity of the proof of claim;

---

[1] The Debtor was a resident of Massachusetts when he signed the Contract, which contained a choice of law provision stating that the law of Massachusetts applies.

[2] The Debtor also asserts that (1) there is no proof of assignment of the Contract to CODB; (2) the statute of limitations has run; (3) the claim includes excessive, unreasonable and unauthorized charges; and (4) CODB has not established that it is licensed under applicable state law. It is unnecessary to reach these arguments.

**AND**, the court finding that after defaulting on his payments to CODB, the Debtor was not provided with notice of the repossession of the vehicle as required by MGLA §20A;[3]

**AND**, the court finding that CODB did not comply with the statutory requirements of MGLA §20A;

**AND**, the court determining that compliance with the notice requirements in MGLA §20A is a prerequisite to bringing suit against a defaulting buyer of a consumer credit transaction;[4]

---

[3]     Section 20A requires that the creditor send written notice at least ten days after the debtor's default, providing the defaulting buyer with information regarding his rights under the Act, including the right to regain possession of the collateral if the full amount of debt owed is paid within twenty (20) days following repossession of the collateral. Id. §20A(c).

The Debtor testified that the only notification given to him by CODB was a telephone call informing him that they intended to repossess the vehicle and that he was not provided with any information regarding the circumstances under which he could regain possession of the vehicle. There was no contrary evidence. I will credit the Debtor' testimony.

[4]     "After a default by a buyer under a consumer credit transaction, the secured creditor may not bring an action against the buyer or proceed against the collateral until he gives the buyer the notice described in this section." MGLA Ch. 255B §20A(b). See U.S. Trust Co. V. Carreiro, No. 1258, 2000 WL 777959, at *3 (Mass. App. Div. June 12, 2000) (holding that a creditor cannot bring suit for relief to recover deficiencies under MGLA Ch. 255B unless it is established that the defendant received a statutory notice of his default as required by §20A). But see Cadle Co. v. Zottoli, No. 93-0569, 1996 WL 1353297, at *6 (Mass. Super. July 25, 1996) (determining by analogy to §22 of the Act that the appropriate penalty for failure to comply with the requirements of MGLA Ch. 255B is a forfeiture of the recovery of any finance charges or fees incurred rather than a forfeiture of the debt in its entirety). When a federal court is confronted with a question of state law as to which the highest court has not yet spoken, the federal court is obliged to try to predict how the highest court would rule. See, e.g.,Hunt v. U.S., 538 F.3d 217, 220-21 (3d Cir. 2008). My prediction is that Carreiro will be followed by Massachussetts' highest court as indicative of Massachusetts consumer protection laws. See generally Mass. Gen. Laws Ann. Ch. 93A §9 (2009) (consumer protection act with equivalent statutory requirement that a demand letter is a condition precedent to suit under the Act).

    **AND**, therefore, the court concluding that unsecured Claim No. 8 will be disallowed in its entirety;

    It is hereby **ORDERED** that:

1. The Debtor's Objection is **SUSTAINED**.

2. Claim No. 8 is **DISALLOWED**.

Date:    June 18, 2009

**ERIC L. FRANK**
**U.S. BANKRUPTCY JUDGE**